Hair, Judge,
delivered the opinion of the Court, as follows:
This case comes on upon a motion to dismiss the bill. In support of that motion, the Defendant’s counsel allege that the lands were not the subject of entry at the time when the Complainant made his entry — they were parts of the lands reserved to the Indians for their hunting ground, as is declared by the act of Assembly passed in 1783, ch. 2. And it is contended, that notwithstanding the Treaty with the Cherokees, of 1791, by which their title became extinct, the lands did not thereby become the subject of entry, without some further Legislative *160 act, We do not deem it necessary to decide the question at this time; because, admitting the entry to be good, there is another objection, which, being sustained, must jiave tjie effect to dismiss the bill.
The bill states that the surveys were made by the Complainant himself, under an authority to do so from the surveyor for the county. It does not state, that he or the chain-carriers were sworn.
An act of Assembly passed in 1777, ch. 1, directs the manner in which a surveyor shall be appointed, and prescribes the oaths that shall be taken, and directs' that bond and security shall be given for the faithful discharge of his duties of office. By another act, passed in 1779, ch. 6, s. 5, surveyors are authorised to appoint deputies ; but, before entering on the duties of office, they also must take an oath of office. The first mentioned act declares, that no surveys shall be made without chain-carriers, who shall actually measure the land surveyed, and shall be sworn to measure justly and truly, and to deliver a true account thereof to the surveyor, who is authorised to administer such oath.
There was, at that time, much vacant land in the State, and it was deemed expedient by the Legislature, to dispose of it to individuals. The entry-takers, surveyors, and chain-carriers were the persons on wrhom the trust devolved of parcelling it out, as the different acts direct. When an entry was made of land, and a warrant of survey issued, it was the duty of the surveyor to survey as much land as the warrant called for, and no more or less: nor lias the law authorised or trusted any other person to do it.
If the Complainant had qualified as a deputy surveyor, he could not be permitted to survey his own land : there would be no necessity for it. Such surveys may be made by the surveyor or other deputies. Whether the principal surveyor can survey land for himself, need not be decided in this case. The Complainant, as a deputy surveyor, surveyed for himself, without being sworn, or *161 having sworn chain-carriers. Upon his location thus made, we are called on to superadd the legal title which, it is charged, is in the Defendant. The bill further states, that Walker was authorised by the surveyor to survey land for himself; but, that in fact, he never did survey them, but took the surveys from the Complainant’s field-book : and that upon such surveys, he obtained his grants from the State. We are called upon to re-cognise that title, and compel the Defendant to transfer it to the Complainant — a title, however improperly obtained, which would complete the Complainant’s right to the land ; though he has as few merits on his side, and as little equity to call for it, as the Defendant had when he acquired it.
The Complainant’s surveys were not made as the law* requires ; and if they are to be countenanced, and it shall be said that every person may be his own Surveyor, those strong guards which the law fixed against fraud and imposition, will be at once broken down. What security have we, that twice the quantity of land is not included in the Complainant’s surveys, that ho entered and paid for ? I cannot doubt in the case. The bill must be dismissed with costs.